IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| RBP, LLC, </br></br>  Plaintiff, </br></br> vs. </br></br> GENUINE PARTS CO. and INDIANA INSURANCE CO., </br></br>  Defendants. </br></br> GENUINE PARTS CO., </br></br>  Third-Party Plaintiff, </br></br> vs. </br></br> ALLIANZ GLOBAL RISK U.S. INSURANCE CO. and LEXINGTON INSURANCE CO., </br></br>  Third-Party Defendants. | No.   04-1154 T/An |

## ORDER GRANTING PLAINTIFF'S THIRD MOTION TO AMEND

Before the Court is Plaintiff RBP, LLC's ("RBP") Third Motion to Amend filed on May 26, 2005. The Undersigned previously entered an Order Granting Plaintiff's Third Motion to Amend on June 22, 2005, but the parties requested that the Court set aside the June 22, 2005 Order and rule on the motion considering a response filed by Allianz Global Risk U.S. Insurance Company and Lexington Insurance Company ("the Third-Party Defendants").[1] The Court held a

---

[1] On July 13, 2005, United States District Judge James D. Todd entered an Order Granting the Motion to Set Aside the Court's previous Order.

1

hearing on this matter on July 25, 2005. For the reasons set forth below, the Motion is **GRANTED**.

## BACKGROUND

Plaintiff currently seeks leave of court to amend its Complaint to add Count IV, which alleges that Plaintiff was a third party beneficiary under the policies issued by the Third-Party Defendants to Defendant Genuine Parts Company. Plaintiff has previously amended its Complaint on two separate occasions, and Plaintiff requests that the Court permit it to amend its Complaint because it has obtained new information during discovery. Plaintiff argues that neither the Defendants or the Third-Party Defendants will be prejudiced by allowing the amendment. The Third-Party Defendants filed a Response with the Court on July 22, 2005. In their Response, they argue that RBP failed to diligently move to amend its Complaint because the instant Motion was filed more than a month after April 4, 2005, the deadline established in the Court's Rule 16(b) Scheduling Order for amending pleadings.

## ANALYSIS

A pleading may be amended "only by leave of court . . . and leave shall be *freely* given when justice so requires." Fed. R. Civ. P. 15(a) (emphasis added). "In deciding whether to allow an amendment, the court should consider the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001). After review, the Court concludes that Plaintiff should be entitled to amend its Complaint.

As established by the Federal Rules of Civil Procedure, courts should freely permit parties to amend their pleadings unless doing so would be futile or prejudicial to the opposing parties or unless the request is made in bad faith. The Third-Party Defendants cannot show that Plaintiff is acting in bad faith, and the Court has no reason to believe the proposed amendment would be futile. Additionally, the proposed amendment will not be prejudicial to the Third-Party Defendants. While the instant motion may have been filed a month following the deadline for Plaintiff to amend its pleadings, the Third-Party Defendants are currently requesting that the Court continue the trial date set in this matter and extend other deadlines in the Scheduling Order.[2] The Court will enter a separate Order granting the Third-Party Defendants' request to modify the Scheduling Order; therefore, because the parties will have additional time before the trial occurs, it is unlikely that the Third-Party Defendants will be prejudiced by Plaintiff being allowed to amend its Complaint.

Therefore, for good cause shown and because motions to amend should be freely granted, the instant motion is **GRANTED**. Plaintiff shall file its amended Complaint with the Court within 11 days of entry of this Order.

**IT IS SO ORDERED.**

S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

Date: August 12, 2005

---

[2] The Motion to Modify the Court's 16(b) Order is found at docket entry number 111.

3

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 126 in case 1:04-CV-01154 was distributed by fax, mail, or direct printing on August 15, 2005 to the parties listed.

---

Douglas F. Halijan
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Henry R. Daar
DAAR & VENEK, P.C.
225 West Washington St., 18th Floor
Chicago, IL 60606

Brian T. Moore
DREW ECKL & FARNHAM
880 W. Peachtree St.
P.O. Box 7600
Atlanta, GA 30357

Russell E. Reviere
RAINEY KIZER REVIERE & BELL
209 E. Main Street
Jackson, TN 38302--114

Albert B. Merkel
MERKEL & TABOR
203 S. Shannon
Jackson, TN 38302--287

Robert L. Green
NEELY GREEN FARGARSON BROOKE & SUMMERS
65 Union Ave.
Ste. 900
Memphis, TN 38103--054

Gilbert Michael Malm
Budd Larner
127 Peachtree Street, NE
Ste 636
Atlanta, GA 30303

Robert W. Fisher
ROBINS KAPLAN MILLER & CIRESI-Atlanta
2600 One Atlanta Plaza
950 East Paces Ferry Rd., NE
Atlanta, GA 30326--138

Heidi H. Raschke
ROBINS KAPLAN MILLER & CIRESI-Atlanta
2600 One Atlanta Plaza
950 East Paces Rerry Rd., NE
Atlanta, GA 30326--138

Loys A. Jordan
MCDONALD KUHN
119 South Main St.
Ste. 400
Memphis, TN 38103

Clayton H. Farnham
DREW ECKL & FARNHAM
P.O. Box 7600
Atlanta, GA 30357

Thomas A. Vickers
225 W. Washington
18th Floor
Chicago, IL 60606

Honorable James Todd
US DISTRICT COURT