IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| RBP, L.L.C., | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 1:04-1154-T/An |
| | ) | |
| GENUINE PARTS COMPANY and | ) | |
| INDIANA INSURANCE COMPANY, | ) | |
| | ) | |
|     Defendants. | ) | |
| | ) | |
| | ) | |
| GENUINE PARTS COMPANY, | ) | |
| | ) | |
|     Third-Party Plaintiff, | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| ALLIANZ GLOBAL RISKS U.S. | ) | |
| INSURANCE COMPANY and | ) | |
| LEXINGTON INSURANCE COMPANY, | ) | |
| | ) | |
|     Third-Party Defendants. | ) | |

ORDER GRANTING MOTION OF PLAINTIFF RBP, L.L.C. FOR VOLUNTARY
DISMISSAL WITH PREJUDICE OF ITS CLAIMS AGAINST DEFENDANT
GENUINE PARTS COMPANY

On January 20, 2006, RBP, L.L.C. ("RBP"), Plaintiff, filed a motion requesting an order of voluntary dismissal with prejudice of its breach of contract and indemnification claims against its commercial tenant, Genuine Parts Company ("GPC"). GPC stipulated to the dismissal, as did Third-Party Defendants Allianz Global Risks U.S. Insurance Company

("Allianz") and Lexington Insurance Company ("Lexington"). Though Defendant Indiana Insurance Company ("Indiana") did not join in the parties' stipulation of voluntary dismissal, its precise objection has never been articulated in the form of a response in opposition to RBP's motion.

Indiana has neither argued nor shown that it would be prejudiced by the dismissal of RBP's claims against GPC. It is not obvious that the outcome of RBP's separate claims against Indiana, which arise out of an insurance policy issued directly to RBP by Indiana, depends upon the resolution of RBP's claims against GPC. Nor does it appear that dismissing the latter claims will have any adverse effect on Indiana's interests with respect to the third-party indemnification and contribution claims filed against it by Allianz and Lexington. In point of fact, Indiana has recently filed a motion arguing that Allianz and Lexington have no rights to claim indemnification and contribution against Indiana if GPC is dismissed from this action. [Dkt. # 217, Attachment # 1] That position seems inconsistent with the view that dismissing GPC would prejudice Indiana. Finally, Indiana currently has no claims of its own pending against GPC.

It appearing to the court that all parties, other than Indiana, are in agreement that RBP should be permitted to voluntarily dismiss its claims against GPC, with prejudice; and, it appearing to the court that Indiana has not shown that it would be prejudiced by the granting of the requested relief,

It is, accordingly, ORDERED, that RBP, L.L.C.'s motion for voluntary dismissal with prejudice [Dkt. # 199] is hereby GRANTED; RBP, L.L.C.'s claims against Genuine Parts

Company are voluntarily DISMISSED WITH PREJUDICE; Genuine Parts Company shall be dismissed as a party defendant; and, in light of that ruling, Genuine Parts Company's pending Motion for Summary Judgment against RBP, L.L.C. [Dkt. # 182] is DENIED as moot.

The court will rule upon Genuine Parts Company's pending "stipulation" of voluntary dismissal of its third-party claims against Allianz Global Risks U.S. Insurance Company and Lexington Insurance Company [Dkt. # 216] in due course when either the time for responding has expired or *all* parties have stipulated to the dismissal.  Until then, Genuine Parts Company shall remain the named Third-Party Plaintiff.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE